Filed 1/10/24  P. v. Sessions CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GE'ONTE RAY CHARLES SESSIONS,<br><br>    Defendant and Appellant. | G062298<br><br>(Super. Ct. No. 19CF0185)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Larry Yellin, Judge.  Affirmed.

Appellant Defenders and Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ge'Onte Ray Charles Sessions challenges the summary denial of his petition for resentencing under Penal Code section 1172.6.[1]  His court-appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  This court gave Sessions 30 days to file a supplemental brief on his own behalf.  None was filed.  In the interests of justice, we have examined the record on appeal and find no arguable error that could result in a disposition more favorable to Sessions.  (*Delgadillo*, at p. 232.)  We thus affirm the postjudgment order.

**FACTS**

On January 17, 2019, a complaint charged Sessions with murder (§ 187, subd. (a); count 1) and evasion while driving recklessly and causing serious bodily (Veh. Code, § 2800.3, subd. (a); count 2).

On July 15, 2021, Sessions pleaded guilty to second degree murder.  As the factual basis for his plea, he declared: "In Orange County, California, on September 11, 2018, I unlawfully and with malice aforethought killed Luis Arreguin, a human being." On the People's motion, the trial court dismissed count 2.  The court imposed a prison sentence of 15 years to life.

In August 2022, Sessions filed a petition for resentencing under section 1172.6 and counsel was appointed for him.  The People filed a response to the petition, arguing it should be denied.  Sessions filed a brief in support of the petition.  At the prima facie hearing, the trial court denied the petition, finding him statutorily ineligible for relief and noting he "admitted personally killing the victim with express or implied malice."

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Following *Wende/Delgadillo* guidelines, we have reviewed counsel's brief and the appellate record. We conclude the trial court's summary denial of the petition was correct for two independent reasons: (1) Sessions was statutorily ineligible for resentencing relief; and (2) he admitted he was the actual killer.

First, section 1172.6 "provides a procedure whereby persons convicted of murder under a now-invalid theory may petition to vacate their conviction." (*People v. Garcia* (2022) 82 Cal.App.5th 956, 965.) To obtain such relief, the petitioner must meet three conditions: (1) a charging document filed against the petitioner allowed the prosecution to proceed under a theory of "murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; (2) the petitioner accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder; and (3) the petitioner could not presently be convicted of that offense "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) If the record of conviction demonstrates a petitioner is ineligible for relief as a matter of law, a court may summarily deny the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972.)

Here, Sessions cannot meet the first and third conditions of eligibility. (§ 1172.6, subd. (a)(1) & (3).) The "changes to Section 188 or 189 [were] made effective January 1, 2019." (*Id.*, subd. (a)(3).) But the complaint against him was filed, and his guilty plea was entered, after that effective date. He thus was convicted under the current law, and he could not have been convicted under any of the now invalid theories. Accordingly, he was ineligible for resentencing under section 1172.6 as a matter of law.

Second, Sessions admitted to killing the victim. Resentencing relief under section 1172.6 is "unavailable if the defendant was . . . the actual killer." (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

3

In summary, our review of the entire record does not show the existence of an arguable issue.  (*Wende*, *supra*, 25 Cal.3d at pp. 442–443.)

**DISPOSITION**

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.